FILED

2020 Oct-05 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **THERESA PHILLIPS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **V.** | ) | |
| | ) | |
| **LEGACY CABINET,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

**COMPLAINT**

## I.    INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a; and through 42 U.S.C. Section 1981.

## II.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Eastern Division pursuant to Title VII's

choice-of venue provision, 42 U.S.C. § 2000e-5(f).

3.   Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed her lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC.

## III.   PARTIES

4.   Plaintiff, Teresa Phillips, (hereinafter "Plaintiff") is a white female, a citizen of the United States, and a resident of the State of Alabama.

5.   Defendant, Legacy Cabinet, (hereinafter, "Defendant")is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## IV.   FACTS

6.   Plaintiff is a white woman who began working for Defendant as a temporary employee in September 2013 and became a regular permanent employee in January 2014.

7.   Defendant manufactures cabinetry, and Plaintiff worked in the production process at that plant.

8.   Plaintiff performed her job well during her employment, receiving regular

merit increases for her good work performance.

9.    Plaintiff was assigned to a hanging line in Paint Room 3, and she was the only white employee on that hanging line – the other employees on that line were African American.

10.   Plaintiff had been supervised by a white man named Tim Miles until September 2019 when she began reporting to the new Operations Manager, Derek O'Neal, who is an African American man.

11.   O'Neal had been hired at Defendant as a Quality Specialist in 2019, and he became the Operations Manager in September 2019.

12.   In 2019 O'Neal was scheduling Plaintiff's line to work as much as seven days a week and at times from 12 to 14 hours a day.

13.   O'Neal scheduled the hanging line employees, including Plaintiff, to work Saturday October 12th starting at 6:00 a.m. for four hours, and told his employees they would have off that Sunday, October 13th.

14.   That was "race weekend" at Talladega Speedway and the employees understood O'Neal was giving them most of the weekend off work.

15.   Plaintiff showed up to work on time that October 12th Saturday; however, several of her co-workers on the hanging line were late, and some of them were two hours late.

16.   O'Neal became upset about the employees showing up late for work, gathered the employees together and told them that they would have to work twelve hours the next day, Sunday October 13th.

17.   Several of the employees objected to O'Neal changing their schedules at the last minute because they had made other plans.

18.   Plaintiff was not nearly as vocal as some of her black co-workers, but she did state she thought that the change was not fair.

19.   O'Neal became enraged at the meeting, honed in on Plaintiff, the lone white employee on the hanging line in that meeting, told Plaintiff he could fire her, and told her she needed to come with him to his office.

20.   O'Neal took Plaintiff to his office and suspended her until Monday, October 14, 2019, without giving her a reason for her suspension.

21.   Plaintiff left O'Neal's office and headed towards her work station on the hanging line to pick up her lunch box and tools.

22.   According to Defendant's position statement to the EEOC, O'Neal fired Plaintiff as she walked away from his office towards her work station.

23.   Defendant stated in its position statement that O'Neal fired Plaintiff for being insubordinate and disruptive.

24.   Plaintiff was neither insubordinate nor disruptive as Defendant alleged to the

4

EEOC.

25. As Plaintiff was leaving the premises O'Neal cornered Plaintiff, pointed his finger in her face and told her now that she was fired she better not apply for unemployment because he would make sure she did not get it, and he told her not to apply to work at another cabinet shop because he would make sure she would not get such a job.

26. Plaintiff's African American co-workers who are similar to Plaintiff in all material respects have engaged in the same conduct Defendant alleges Plaintiff did but those African American employees were not suspended or terminated as was Plaintiff, who is white.

27. In particular, on the day Defendant alleges Plaintiff was insubordinate her African American co-workers, including but not limited to Derrick Stockdale and "Tink," aggressively opposed O'Neal's decision to make them work on Sunday but no adverse employment actions were taken against them.

28. Defendant had an African American employee take over Plaintiff's duties and responsibilities after O'Neal terminated her.

29. Defendant's articulated reasons for terminating Plaintiff are false and/or a pretext for race discrimination. And, in the alternative, even if Defendant had legitimate reasons for terminating Plaintiff, race discrimination remained at

least a motivating factor in the termination decision.

## V.   CAUSES OF ACTION

## COUNT I — RACIAL DISCRIMINATION

30.   During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating her which constitutes an adverse employment action against Plaintiff.

31.   In particular, Plaintiff's African American supervisor singled out Plaintiff amongst her African American co-workers, disciplined her and fired her for allegedly being insubordinate, but she was not insubordinate.

32.   Moreover, Plaintiff's African American co-workers engaged in substantially similar conduct to what Defendant accused Plaintiff of doing, but those co-workers were not fired.

33.   Defendant terminated Plaintiff for allegedly being insubordinate at work, but she was not insubordinate and Defendant knew she was not insubordinate.

34.   Even if Plaintiff was insubordinate, her similarly situated African American co-workers in all material respects to Plaintiff were not terminated despite engaging in the very conduct Defendant alleges it fired Plaintiff for doing.

35.   Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her,

Plaintiff's white race was at least a motivating factor in the adverse employment actions Defendant took against her, up to and including termination.

36. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

37. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is her only means of securing adequate relief.

38. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

39. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices,

procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq*., 42 U.S.C. Section 1981(a), and 42 U.S.C. Section 1981.

2.   Grant Plaintiff reinstatement into the position she would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3.   Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating her into the position she would have occupied in the absence of race discrimination or awarding her front pay, awarding her back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees,

and expenses.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,


 /s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
**LEGACY CABINET**
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104